United States District Court
Southern District of Texas
**ENTERED**
March 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ASTRID IVETH BUSTILLO MONROY,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-cv-01686** |
| | § | |
| **MARTIN L. FRINK,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Astrid Iveth Bustillo Monroy's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief (ECF No. 1) and the Federal Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

## I.   BACKGROUND

Respondents did not dispute the following facts. Petitioner is a non-citizen who entered the United States without inspection in 2024. ECF No. 1 at 3. After initial entry, she was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on her own recognizance subject to certain conditions, including regular reporting requirements with Immigrations and Customs Enforcement (ICE). *See id.* at 7; ECF No. 5 at 4.

While released, Petitioner complied with all conditions. ECF No. 1 at 7. Nonetheless, Respondents re-detained Petitioner at a routine ICE check-in appointment. *Id.* She remains in

custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2). While Petitioner was recently ordered removed, Parties have informed the Court that Petitioner appealed that decision and is not subject to a final removal order.

## II.    ANALYSIS

Petitioner argues that her re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address the additional reasons that Petitioner believes her continued detention is unlawful.

The Court recently addressed a highly similar set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result in this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before March 28, 2026,** informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 13, 2026.**

Signed at Houston, Texas on March 23, 2026.

Keith P. Ellison
United States District Judge